**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3111
_____

JILL JONES-SODERMAN,

Appellant

v.

HONORABLE MARGARET MARY MCVEIGH; PAUL DASHER,
PH.D; ANITA RAE MANNS, ESQ.; STEPHEN SCHIPPIONE, ESQ.;
MICHAEL KUHNS; KAY MCCORMACK; RICHARD GRUBER; NEW
JERSEY OFFICE OF THE ATTORNEY GENERAL, DIVISION OF
CONSUMER AFFAIRS; HONORABLE EDWIN H. STERN;  JON S. CORZINE,
in his official capacity as Governor of the State of New Jersey; NEW JERSEY
STATE LEGISLATURE; LESLIE ARONSON, Former Executive Director
Board of Social Work Examiners; MARILYN BAIR, Former Deputy
Attorney General; SUSAN BERGER, Deputy Attorney General;
JODI KRUGMAN, ESQ., Deputy Attorney General; JANE DOE; JOHN DOE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 08-cv-01887)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 20, 2011
Before:  BARRY, JORDAN AND GARTH, Circuit Judges

(Opinion filed: April 25, 2011)
_____

OPINION
_____

PER CURIAM

Jill Jones-Soderman appeals pro se from the order of the District Court dismissing her amended complaint. We will affirm.

Jones-Soderman's amended complaint arises from the loss of her license to practice social work in New Jersey. According to Jones-Soderman, Judge Margaret Mary McVeigh of the New Jersey Superior Court wrote a letter in 2001 to the New Jersey licensing agency expressing her concern with Jones-Soderman's conduct in connection with a family court matter. That letter precipitated an investigation, during which the agency was not able to confirm that Jones-Soderman possessed a PhD as she had represented. The investigation led in turn to a revocation proceeding, during which Jones-Soderman was represented by Anita Manns. In 2003, Jones-Soderman signed a consent order agreeing to stop presenting herself as a doctor and to the suspension of her license for nine months.

The licensing agency later received information that Jones-Soderman continued to practice in New Jersey during that time (and continued to hold herself out as a doctor). That information led to a second revocation proceeding, during which Jones-Soderman was represented by Stephen Schippione. The second proceeding concluded when Jones-Soderman signed a second consent order in 2004 agreeing to the permanent suspension of her New Jersey license. She later applied for reinstatement of her license, and that application remains pending.

Jones-Soderman filed and amended her federal complaint in 2008, asserting

claims under 42 U.S.C. § 1983, the Racketeer Influenced and Corrupt Organizations Act ("RICO") and state law against numerous defendants whom she holds responsible for the loss of her license. The defendants include Judge McVeigh, assistant attorneys general and hearing officers involved in her current and former revocation proceedings, former New Jersey Governor Jon S. Corzine, the New Jersey legislature, and other state employees and agencies (collectively the "state defendants"). Jones-Soderman also named the three private attorneys she retained to represent her during those revocation proceedings. In general, she alleges a conspiracy among all the defendants to deprive her of her license. Among the relief she requested was $13 million in damages, reinstatement of her license, and the enactment of certain laws protecting the rights of children.

Defendants Manns and Schippione answered the amended complaint, but the state defendants moved to dismiss it on numerous grounds under Rule 12(b)(6). During argument on that motion, Manns and Schippione orally moved for dismissal on statute of limitations grounds, and we will treat their motions as ones for judgment on the pleadings under Rule 12(c). On June 17, 2009, the District Court granted all motions and explained its reasons for doing so on the record. The District Court also dismissed the action without prejudice as to defendant Richard Gruber (a private attorney involved in the 2001 family court matter), whom Jones-Soderman had been unable to serve. The case remained pending against Michael Kuhns (Jones-Soderman's third privately retained attorney), whom she had served but who had not responded to the complaint. The District Court informed Jones-Soderman that she could seek a default judgment against

3

Kuhns and told her that she would have to "decide whether you want to move forward." (June 17, 2009 Trans. at 75.)[1]

Nothing more of substance transpired for some ten months until the case was called for possible dismissal for failure to prosecute. The District Court scheduled a status conference and, on May 20, 2010, entered an order directing Jones-Soderman to file a submission in furtherance of her case by June 4, 2010, "or the complaint shall be dismissed in its entirety." The District Court received nothing further from Jones-Soderman by that date and entered its final order dismissing the case with prejudice under Rule 41(b) on June 15, 2010. Jones-Soderman appeals.[2]

## II.

Jones-Soderman challenges the orders of June 17, 2009, and June 15, 2010. In the first order, the District Court dismissed her claims against the state defendants on various grounds, including judicial immunity for the defendant judges, prosecutorial

---

[1] On August 1, 2009, the District Court added a statement on the record that it had dismissed the § 1983 claims against Manns and Schippione on the additional ground that those privately retained attorneys were not state actors.

[2] Defendants Manns and Schippione initially asserted crossclaims for indemnity and contribution against the other defendants, but when the District Court dismissed Jones-Soderman's complaint and terminated the action in its entirety it effectively resolved those crossclaims. Cf. Owens. v. Aetna Life & Cas. Co., 654 F.2d 218, 220 n.2 (3d Cir. 1981) (mere grant of summary judgment for defendant/crossclaimant on plaintiff's claim did not resolve crossclaim against another defendant). Thus, we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the dismissal of a complaint under Rules 12(b)(6) and 12(c). See Leamer v. Fauver, 288 F.3d 532, 534 (3d Cir. 2002). We review the dismissal under Rule 41(b) for abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008).

immunity for the defendant assistant attorneys general, Eleventh Amendment immunity for the state agencies and employees, and the statute of limitations on most of her claims. It also dismissed her claims against defendants Manns and Schippione on statute of limitations grounds, and later added the ground that they are not state actors for § 1983 purposes.

Jones-Soderman has not meaningfully challenged these rulings. She argues that it is "impossible" to determine the District Court's reasons for dismissal because they are not stated in the June 17 order itself. The District Court, however, explained its reasons on the record. (June 17, 2009 Trans. at 61-75.) Jones-Soderman was present, and the District Court provided her with a copy of the transcript. (Docket No. 47.) She also argues that the District Court's order does not state that it considered her opposition to the motions, but the District Court clearly addressed her arguments. She further makes generalized assertions that her pro se complaint was entitled to liberal construction and that various defendants acted beyond the scope of their duties, but she does not specify how she believed the District Court erred in construing her complaint and we discern no error in that regard. Finally, she argues that defendants waived their statute of limitations defenses by answering her amended complaint, but that is not the case. The state defendants filed a Rule 12(b)(6) motion instead of answering, and defendants Manns and Schippione pleaded the statute of limitations as an affirmative defense before orally moving for dismissal on that ground.

Jones-Soderman also has not meaningfully challenged the District Court's second

5

order, in which it dismissed the remainder of her complaint for failure to prosecute.  The District Court applied the proper standard and concluded that Jones-Soderman's dilatoriness, her personal responsibility therefor, and the lack of merit to her claims weighed in favor of dismissal.  See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  Jones-Soderman does not argue that the District Court abused its discretion in so concluding.  Instead, her only argument in this regard is that she actually complied with the District Court's direction to file a submission by June 4, 2010.  Jones-Soderman argues that she sent the District Court a letter on June 3 but that it did not reach the court until she re-sent it on June 21.  Jones-Soderman's letter does not undermine the District Court's June 15 ruling, however, because it was not before the District Court at that time.  Nor did she seek relief on the basis of these allegations under Rule 60(b) in the District Court.  In sum, we cannot say that the District Court abused its discretion in dismissing this action under Rule 41(b).

Accordingly, we will affirm the judgment of the District Court.